## In re LACOV.

(Circuit Court of Appeals, Second Circuit. November 25, 1904.)

### No. 68.

**1. BANKRUPTCY—INVOLUNTARY PETITION—DETERMINATION—REFERENCE.**

Where an answer is interposed to an involuntary petition in bankruptcy the judge may refer the proceeding to a special commissioner to take the testimony and return the same to the judge, with his opinion, notwithstanding Bankr. Act July 1, 1898, c. 541, § 18, subd. "d," 30 Stat. 551 [U. S. Comp. St. 1901, p. 3429], providing that the judge shall determine as soon as may be the issues presented by the pleadings without the intervention of a jury, except in cases where a jury trial is given by the act, and section 1a, cl. 16, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3419], defining "judge" to mean a judge of a court of bankruptcy, not including a referee.

**2. SAME—TAKING TESTIMONY—EXPENSE.**

The fact that the taking of testimony before a commissioner was more expensive than a hearing before the judge was not of itself sufficient to prevent such reference.

**3. SAME—FORMER PROCEEDINGS.**

Where the issues raised on an involuntary bankruptcy petition were submitted to a special commissioner only for the purpose of taking testimony to be submitted to the judge with the commissioner's opinion, it was no objection to such reference that a former involuntary petition by other creditors had been determined by the judge in favor of the alleged bankrupt.

Petition for Revision of Proceedings of the District Court of the United States for the Southern District of New York, in Bankruptcy.

This cause comes here upon petition by the alleged bankrupt to review an order of the District Judge, Southern District of New York, which provided that the "issues of law and fact raised by the answer to the involuntary petition herein be, and the same hereby are, referred to E. F. Smith, Esq., as special commissioner to take testimony therein, and report this, with his opinion, to this court."

John Bogart (Wm. Jno. Barr, of counsel), for alleged bankrupt.
Epstein Brothers (Jesse S. Epstein, of counsel), for respondent.

Before WALLACE, LACOMBE, and COXE, Circuit Judges.

PER CURIAM. This is a proceeding in involuntary bankruptcy instituted by three petitioning creditors, alleging four different acts of bankruptcy. Answer was interposed, and, the cause coming on for trial before the District Judge, the alleged bankrupt made application that the issue be tried by the judge without the intervention of a jury, as prescribed by section 18, subd. "d," of the bankrupt law (Act July 1, 1898, c. 541, 30 Stat. 551 [U. S. Comp. St. 1901, p. 3429]). Said application was denied, and the order now under review was entered.

In criticism of the order it is contended that the section referred to provides that "the judge shall determine, as soon as may be, the issues

presented by the pleadings, without the intervention of a jury, except in cases where a jury trial is given by this act, and makes [sic] the adjudication or dismiss the petition." And section 1a, cl. 16, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3419], defines "judge" as follows: " 'Judge' shall mean a judge of a court of bankruptcy not including the referee." But the order complained of does not even purport to give the determination of the issues to the special commissioner. The special commissioner, like a special master in equity, is merely a ministerial officer appointed by the court to assist in the performance of various services of a clerical character in the progress of the cause, such as the examination of long accounts and the taking of evidence upon issues of fact. When the evidence has been taken and returned to the judge with the opinion of the special commissioner, the judge will then consider the issues and determine the same. This method of taking testimony is the usual one in courts of equity, and the act does not provide that all the testimony shall be taken in the presence and hearing of the judge.

It is further suggested that this mode of taking testimony is more expensive. No doubt the courts should give due weight to the consideration that bankruptcy proceedings, as indeed all other litigation, should not be allowed to become an unreasonable burden to the litigants; but other considerations are also to be taken into account. In districts where the calendars are heavy the judge, if he should undertake personally to attend the examination of witnesses, would be wholly unable to keep up with the other branches of his judicial work, and delays would result so serious as to amount to a denial of justice.

Reference is made in the brief to the circumstance that the answer avers that the acts of bankruptcy now alleged were set forth in a former petition brought by three other creditors, were denied, and the issues thereon raised considered by the judge, who determined them in the bankrupt's favor. It is not contended that there cannot be another trial of the same issues, when different petitioning creditors appear, but only that "the bankrupt is seriously prejudiced by a trial of them over again before a special commissioner." The sole argument presented in support of this contention is that, the judge having determined the issues one way under the first petition, the special commissioner might determine them another way under the next one. But, as we have seen, the special commissioner, under the order now before us, has nothing to do with the determination of the issues. That is reserved for the judge who heard the issues under the earlier petition.

The order of the District Court is affirmed.