In re KING.

KING v. BANK OF WHITING, INDIANA, et al.

(Circuit Court of Appeals, Seventh Circuit. June 3, 1910.)

No. 1,686.

BANKRUPTCY (§ 95*)—INVOLUNTARY PROCEEDINGS—CONDUCT OF HEARING ON PETITION—"JUDGE."

Under Bankruptcy Act July 1, 1898, c. 541, § 18d, 30 Stat. 551 (U. S. Comp. St. 1901, p. 3429), which provides that, when the facts alleged in a petition for involuntary bankruptcy are controverted, "the judge shall determine as soon as may be the issues presented by the pleadings," and section 1a(16), which defines "judge" to mean "a judge of a court of bankruptcy not including the referee," a judge has no authority to make a general reference of such issues to a referee, but is required to exercise his personal judgment in their determination, and where direct issue is joined on the jurisdictional averments of a petition as to the alleged bankrupt's residence and principal place of business in the district, and it appears that the facts for the solution of such primary issues are readily ascertainable, such issues should be determined by the judge, on direct hearing if possible, as a condition precedent to inquiry upon the other issues raised.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 95.*

For other definitions, see Words and Phrases, vol. 4, pp. 3823–3826; vol. 8, p. 7695.]

Petition for Revision of Proceedings of the District Court of the United States for the Northern District of Illinois, in Bankruptcy.

In the matter of John King, alleged bankrupt. On petition by bankrupt for revision of orders of the District Court in proceedings by Bank of Whiting and others. Reversed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Otto Gresham, for petitioner.
James Rosenthal, for respondent.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

PER CURIAM. Proceedings are pending in the District Court, under a creditors' petition for adjudication of involuntary bankruptcy against John King, who petitions this court for review and revision in matter of law of orders entered therein. The record presents issues of fact joined by the verified answer of the alleged bankrupt to the creditors' petition, with the primary jurisdictional averment of residence and principal place of business at Chicago controverted, and as well insolvency and other material averments of such petition; the answer stating that his residence and place of business for the past 25 years "have been and still are in the city of Gainesville," Tex., and that he has been in Chicago, on business only, "for a part of the past six months," but maintaining "his principal place of business and legal residence as aforesaid." Upon issues so joined, motions were made before the district judge on behalf of King "to dispose of statements in the answer as to jurisdiction of the court" and discharge receiver (theretofore appointed); and both motions were overruled, with entry of an order referring the petition and answer to "referee in bankruptcy, S. C. Eastman, to hear, take proofs, and report his findings, conclusions, and recommendations to the court on the issues raised by said pleadings." Proofs were speedily taken before the referee on the jurisdictional issue of residence and principal place of business, and the hearing was proceeding upon the other issues, when an adjournment became needful on account of other engagements of the referee, requiring his absence from the city for a week or more. Thereupon request was made on behalf of King that the referee submit report to the district judge upon the primary issue of jurisdiction, for determination thereof in advance of other proceedings; and upon denial of such request application was made to the district judge (upon notice and affidavit setting forth the circumstances referred to) to set aside the order of reference, determine the "issues bearing on the jurisdiction of the court," and "dismiss the cause." These motions were denied, and review of such order and of the original order of reference above mentioned is sought under the present petition.

We believe a question of law to be thus presented, under both orders, and that error was committed in the denial of preliminary hearing upon the jurisdictional issue of residence and principal place of business. Section 18d of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 551 [U. S. Comp. St. 1901, p. 3429]) expressly provides that "the judge shall determine, as soon as may be, the issues presented by the pleadings," and section 1(16) defines such provision to mean "a judge of a court of bankruptcy, not including the referee." It requires, therefore, that the testimony be weighed and considered by a district judge and that his personal judgment be exercised in the determination of each issue, leaving no authority for delegation of either duty to a ministerial officer. While it is undoubted—as upheld in Re Lacoy, 134 Fed. 237, 67 C. C. A. 19, and Fellows v. Freuden-

thal, 102 Fed. 731, 735, 42 C. C. A. 607—that reference to a special master or like ministerial officer may be ordered, to hear and report the testimony (with or without advisory findings thereupon), when an issue triable by the judge alone involves extended testimony and its hearing in open court appears to be impracticable, we believe the act neither intends nor authorizes such general reference of issues as ordered in the instant case. The jurisdictional averments of residence and principal place of business were distinctly controverted, and it appears that the facts were readily ascertainable for solution of that primary issue. Orderly procedure required, as we believe, its determination by the district judge as a condition precedent to inquiry upon the other issues of fact raised by the pleadings. Direct hearing of the testimony upon an issue of such nature would seem desirable; but, if that course is impracticable, reference to a ministerial officer to take and report such testimony cannot rightly extend the hearing as well to the subordinate issues, not open to inquiry until jurisdiction to proceed therein is ascertained and found by the district judge. The court can confer no authority upon the referee (as master or otherwise) to decide these issues, nor to rule thereon either finally or temporarily.

We are of opinion, therefore, that the order of reference in question was erroneous in its scope and terms; that the petitioner was and is entitled to have such order either set aside or so modified as to require the referee to report and submit to the court the testimony taken thereunder upon the primary jurisdictional issue, for determination of such issue before other inquiries are authorized; and that the order complained of denying such relief was erroneous.

Both orders are reversed accordingly, with direction to proceed in the cause in conformity with the foregoing opinion.