In re MURPHY.*

RYAN et al. v. MURPHY.

(Circuit Court of Appeals, Ninth Circuit. · February 7, 1916.)

No. 2632.

BANKRUPTCY ☞463—APPEAL—RECORD—MATTERS PRESENTED FOR REVIEW—"JUDGE."

Bankr. Act July 1, 1898, c. 541, § 18d, 30 Stat. 551 (Comp. St. 1913, § 9602), provides that, if the bankrupt or any creditor shall appear and controvert the facts alleged in a bankruptcy petition, the judge shall determine the issues presented and make the adjudication, or dismiss the petition. Section 1 (16) (section 9585) defines "judge" as meaning a judge of a court of bankruptcy, not including the referee. General Order No. 36 (89 Fed. xxxvi, 32 C. C. A. xxxvi), provides that appeals from a court of bankruptcy shall be regulated, except as otherwise provided in the Bankruptcy Act, by the rules governing appeals in equity in the courts of the United States. *Held*, that an order or decree denying an adjudication and dismissing an involuntary petition could not be reviewed, where the testimony returned by the referee with his report was not in the transcript on appeal, either in form or in substance.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 926; Dec. Dig. ☞463.

For other definitions, see Words and Phrases, First and Second Series, Judge.]

Appeal from the District Court of the United States for the First Division of the Northern District of California; M. T. Dooling, Judge.

Proceeding by James R. Ryan and another against Herman Murphy to have Murphy adjudged a bankrupt. From an order or decree (228 Fed. 1018), denying an adjudication and dismissing the petition, the petitioning creditors appeal. Appeal dismissed.

Daniel O'Connell, of San Francisco, Cal., for appellants.

Herman Murphy, of San Francisco, Cal., pro se.

Before GILBERT and ROSS, Circuit Judges, and RUDKIN, District Judge.

RUDKIN, District Judge. This is an appeal from an order or decree denying an adjudication in bankruptcy and dismissing the involuntary petition. The transcript on appeal consists of (a) report of the referee recommending a dismissal of the petition or a stay of proceedings; (b) exceptions to that report; (c) opinion or decision of the court denying the adjudication and dismissing the petition; (d) petition for an appeal, and order allowing same; (e) assignments of error; (f) statement or record on appeal; (g) order approving record or statement on appeal, and various other orders relating to the removal of the cause and the filing of the record in this court. That part of the transcript styled "Record on Appeal" sets forth the contentions of the respective parties, but contains none of the testimony. Section 18d of the Bankruptcy Act provides that:

"If the bankrupt, or any of his creditors, shall appear, within the time limited, and controvert the facts alleged in the petition, the judge shall determine, as soon as may be, the issues presented by the pleadings, without the intervention of a jury, except in cases where a jury trial is given by this Act, and makes the adjudication or dismisses the petition."

Section 1 (16) of the act provides that:

" 'Judge' shall mean a judge of a court of bankruptcy, not including the referee."

And referring to these provisions in Re King, 179 Fed. 694, 103 C. C. A. 240, the court said:

"It requires, therefore, that the testimony be weighed and considered by a District Judge, and that his personal judgment be exercised in the determination of such issue, leaving no authority for delegation of either duty to a ministerial officer."

When the court below denied the adjudication and dismissed the petition, it was in possession of the entire case, and had before it, not only the report of the referee, which is contained in the record, but the 459 pages of testimony referred to therein and returned therewith as well. No part of that testimony has been brought to this court, either in form or in substance. Order No. 36 of the General Orders in Bankruptcy (89 Fed. xxxvi, 32 C. C. A. xxxvi) provides that:

"Appeals from a court of bankruptcy to a Circuit Court of Appeals, or to the Supreme Court of a territory, shall be allowed by a judge of the court appealed from or of the court appealed to, and shall be regulated, except as otherwise provided in the Act, by the rules governing appeals in equity in the courts of the United States."

Under this provision it is manifest that this court cannot review or reverse the order of the District Court without having before it the testimony or record upon which that court acted.

The appeal must therefore be dismissed; and it is so ordered.