### In re C. W. BARTLESON CO.

#### (District Court, S. D. Florida. August 14, 1917.)

#### No. 1527.

1. BANKRUPTCY ⟨🔑⟩95—REFERENCE TO MASTER.

While in involuntary proceedings the question of bankruptcy must, under Bankr. Act July 1, 1898, c. 541, § 18d, 30 Stat. 551 (Comp. St. 1916, § 9602), be decided by the District Judge, and while jurisdiction must first be decided, references to masters to take testimony and report the same, with findings of fact and law, recognized by equity rule 59 (198 Fed. xxxv, 115 C. C. A. xxxv), are permissible.

2. BANKRUPTCY ⟨🔑⟩95—REFEREE IN BANKRUPTCY AS MASTER—QUALIFICATION.

The referee in bankruptcy is not disqualified by interest to be appointed master in a bankruptcy case, because of the fees as referee to which he will be entitled if the alleged bankrupt be adjudged a bankrupt, the testimony being signed by the witness, unless this is waived by the parties in interest, after being transcribed into longhand, and reported to the court, and the judge's findings and judgment being made thereon; the master's findings of fact and law being merely advisory.

3. BANKRUPTCY ⟨🔑⟩95—REFERENCE TO MASTER—SHOWING AND NOTICE.

Bankruptcy proceedings being governed by the practice in equity, reference to a master to take testimony and report findings should only be on notice and showing, as required by equity rules 46, 47, 59 (198 Fed. xxxi, xxxv, 115 C. C. A. xxxi, xxxv).

In Bankruptcy. In the matter of the C. W. Bartleson Company, alleged bankrupt. On motion to vacate orders of reference. Motion granted.

Haley & Heintz, of Jacksonville, Fla., for petitioning creditors.

George M. Powell and Fleming & Fleming, all of Jacksonville, Fla., for alleged bankrupt.

CALL, District Judge. This cause comes on to be heard upon the motion of the bankrupt to vacate two orders of reference heretofore made in this cause, one on April 19, 1917, and the other August 10, 1917.

The first order refers the issues made by the petition for involuntary bankruptcy and the answer thereto to C. S. Adams, Esq., as special master to ascertain and report the facts, with his conclusions thereon. The second order recognizes the first order of reference, and then refers the issues made by certain petitions of intervention and the answers thereto, together with all undetermined issues pending in said cause to the same master to ascertain and report the facts, with his conclusions thereon.

The motion to vacate said orders sets out four grounds: (1) That the court has no jurisdiction to make and enter such order. (2) That under section 18, subd. "d," of the Bankruptcy Act, the judge must hear and determine contests on involuntary petitions in bankruptcy in person, and cannot refer the issues to a master to take testimony and report the same, together with his findings, to the court. (3) That the special master to whom the issues were referred is referee in bankruptcy, and to the extent of his fees as such referee in the event of an adjudication is interested, and therefore an improper person to

---

⟨🔑⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

be appointed such special master. (4) That said orders of reference were made without notice to the bankrupt.

[1] The first two grounds were argued together, and the case of King v. Bank of Whiting, 179 Fed. 694, 103 C. C. A. 240, was cited and relied on to sustain the bankrupt's position. There can be no question but what the question of bankruptcy vel non must, under the provisions of section 18, subd. "d," of the Bankruptcy Act, be decided by the District Judge. The referee as such has no jurisdiction to make such decision; and under the circumstances of the case of King v. Bank of Whiting, supra, the question of the jurisdiction of the court should have been first decided, before proceeding to take testimony on or hear the issues made on the question of bankruptcy. This was a petition to revise the order of the District Judge refusing the bankrupt this orderly procedure. The court emphasizes this view, when it says, on page 696:

"Orderly procedure required, as we believe, its determination by the District Judge as a condition precedent to inquiry upon the other issues of fact raised by the pleadings. Direct hearing of the testimony upon an issue of such nature would seem desirable; but if that course is impracticable, reference to a ministerial officer to take and report such testimony cannot rightly extend the hearing as well to the subordinate issues, not open to inquiry until jurisdiction to proceed therein is ascertained and found by the District Judge."

The court uses this language, following the above, as follows:

"The court can confer no authority upon the referee (as master or otherwise) to decide these issues, nor to rule thereon either finally or temporarily."

But I cannot believe that this last sentence quoted was intended to be taken literally without reference to the context, but when read with the context means that until the determination of the question of jurisdiction the District Judge could not refer the other issues made by the pleadings. The question of jurisdiction must first be decided. Unless such was the meaning of the court, then this decision would hold that, no matter what the condition of the business before the court, the judge must sit and hear the witnesses in every involuntary bankruptcy, and this view is contrary to the language of this particular case, and the cases of In re Lacov, 134 Fed. 237, 67 C. C. A. 19, and Clark et al. v. American Manufacturing & Enameling Co. et al., 101 Fed. 962, 42 C. C. A. 120.

References to masters to take testimony and report same with findings of fact and law are recognized by equity rule 59, and no one would claim that by such reference the chancellor abdicated the duty to decide the questions involved. As said by the court in Re Lacov, supra:

"This method of taking testimony is the usual one in courts of equity, and the act does not provide that all the testimony shall be taken in the presence of and hearing of the judge."

Unquestionably it is much better and more satisfactory to the judge, if the dockets of the court would permit of the judge hearing the witnesses in all cases triable before him; but I apprehend that there are few, if any, districts where the same can be done, and certainly not

in this district. Therefore such references are necessary and usual to dispatch the business before the court, and are not inhibited by the Bankruptcy Act.

[2] The third ground of the motion is based on the idea that the master appointed, being the referee in bankruptcy, is interested in having the bankrupt adjudicated a bankrupt, because in that event he would be entitled to fees as referee in addition to his fees as such master.

The universal procedure in cases of this kind is for the testimony of witnesses appearing before the master to be taken stenographically, and, unless waived by the parties in interest signed by such witness after being transcribed into longhand, and this testimony, together with the exhibits, if any, filed by the parties, reported to the court, together with the findings of fact and law by the master; his findings of fact and law being merely advisory to the court. The testimony is what the judge makes his findings and judgment on. Therefore the third ground of the motion appeals with little force to me. The pride of opinion and desire to have his findings approved by the judge upon his consideration of the evidence and the law would more than counteract any tendency to find the involuntary petition sustained because of any probable fees the referee might thereafter earn. There is no such interest as would disqualify the referee to be appointed master in bankruptcy cases.

[3] I come now to the fourth ground of the motion. These references were made without notice to and without the consent of the bankrupt. Rule 59 (198 Fed. xxxv, 115 C. C. A. xxxv) provides:

"Save in matters of accounting a reference to a master shall be the exception, not the rule, and shall be made only upon a showing that some exceptional condition requires it."

Rule 46 (198 Fed. xxxi, 115 C. C. A. xxxi) requires:

"In all trials in equity the testimony of witnesses shall be taken orally in open court except as otherwise provided by statute or these rules."

Rule 47 (198 Fed. xxxi, 115 C. C. A. xxxi):

"The court * * * for good and exceptional causes for departing from the general rule to be shown by affidavit may permit the deposition of named witnesses * * * to be taken before an examiner or other named officer, upon notice and terms specified in the order."

Bankruptcy proceedings being governed by the practice in equity, it seems to me that an appointment of a master in a bankruptcy case to take testimony and make report of his findings, etc., should only be made upon notice and the showing required by rule 59. The late equity rules adopted by the Supreme Court were framed with this in view, that the judge would sit and hear the witnesses, and, as before said, where this is possible, it is much the most satisfactory way. But rules 59, 46, and 47 recognize that conditions may be exceptional, and such a rule cause delay rather than expedition, as was intended and provided for the appointment of masters, commissioners, and examiners. In the instant case no showing was made before the order of reference was made, and no notice given to the bankrupt.

For this reason the motion to vacate said orders should be granted. It has been the usual course in this district that such orders should be made, and parties have heretofore acquiesced in the same; but that is no reason why an unauthorized practice should be continued.

An order granting the motion to vacate the orders of reference will be entered.