## In re PARKER et al.

## PARKER et al. v. HARTMAN et al.

(Circuit Court of Appeals, Seventh Circuit. December 28, 1921.)

No. 3043.

1. Bankruptcy ⬤439—Order overruling motion to dismiss involuntary petition reviewable by petition to revise.

Under Bankruptcy Act, § 24b (Comp. St. § 9608), providing that the Circuit Courts of Appeals "shall have jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law the proceedings of the several inferior courts of bankruptcy," an order of a District Court denying a motion to dismiss an involuntary petition, on the ground that it fails to state facts to warrant an adjudication of defendants, is reviewable on petition to review and revise.

2. Bankruptcy ⬤440—Methods of review by appeal and petition to revise mutually exclusive.

The methods of review by appeal, under Bankruptcy Act, § 25a (Comp. St. § 9609), and by petition to revise, under section 24b, are mutually exclusive.

3. Bankruptcy ⬤81(1)—Petition in involuntary bankruptcy held insufficient.

A petition in involuntary bankruptcy *held* insufficient, in that it did not state facts showing either that defendants were subject to adjudication under the statute, or the capacity of petitioners to maintain the petition as creditors, or an act of bankruptcy by defendants.

4. Bankruptcy ⬤95—Reference should await determination of sufficiency of pleadings.

In view of Bankrupcty Act, § 18d (Comp. St. § 9602), providing that in involuntary proceedings "the judge shall determine, as soon as may be, the issues presented by the pleadings" and equity rules 46 and 59 (198 Fed. xxxi, xxxv, 115 C. C. A. xxxi, xxxv) a petition should not be referred to a master to take testimony until the sufficiency of the petition has been determined, where that question has been directly raised.

Petition to Review and Revise Orders of the District Court of the United States for the Eastern Division of the Northern District of Illinois.

In the matter of Harrison Parker, N. A. Hawkenson, and John Coe, alleged bankrupts, wherein William Hartman and others ask for an adjudication in bankruptcy. On petition of alleged bankrupts to revise order (275 Fed. 868) of the District Court. Reversed.

On August 3, 1921, respondents (hereinafter called plaintiffs) filed in the District Court for the Northern District of Illinois a complaint to have petitioners (hereinafter called defendants) adjudged bankrupts. This complaint was superseded by the following amended complaint, filed on August 9, 1921:

"The petition of Wm. Hartman, Sarah Smith, and Alex. C. Friedman, all of the county of Cook, in said district, respectfully shows:

"That Harrison Parker, N. A. Hawkenson, and John Coe, co-partners trading as an alleged common law trust under the name of the Co-Operative Society of America, have for the greater portion of six months next preceding the date of the filing of this petition had their principal place of business at Chicago, in the county of Cook, state and district aforesaid, and owe debts to the amount of one thousand ($1,000) dollars; that your petitioners are creditors of said Harrison Parker, N. A. Hawkenson, and John Coe, co-partners trading as an alleged common law trust under the name of the Co-Operative Society of America, having provable claims amounting in the aggregate in excess of se-

curities held by them in the sum of five hundred ($500.00) dollars; that the nature and amount of your petitioners' claim are as follows:

"William Hartman is the holder of a certain certificate No. 5857, class A, in the amount of five hundred ($500) dollars, secured by a junior mortgage on real estate in Muskegon county, Michigan, the security for said indebtedness of five hundred ($500) dollars being of absolutely no value whatsoever; that said certificate is part of an issue of four hundred thousand (400,000) beneficial certificates of an expressed value of twenty-five ($25) dollars each, and being in the aggregate the sum of ten million ($10,000,000) dollars; that the security under said junior mortgage is of the value of less than twenty thousand ($20,000) dollars, and your petitioners charge that there is no equity whatever in said land available for your petitioners, and that your petitioners were induced to purchase said certificates by fraudulent and false representations, among which false and fraudulent representations were that the alleged bankrupt was a going, prosperous organization making a profit, when in truth and in fact said alleged bankrupt was then insolvent, losing money very rapidly, and paying dividends out of its capital to its certificate holders.

"Your petitioner Wm. Hartman further shows that he was informed that the said Harrison Parker, N. A. Hawkenson, and John Coe, were to receive four and one-half (4½) per cent. of the net profits derived from the operation of the business of the said Co-Operative Society of America, when in fact the said Harrison Parker, N. A. Hawkenson, and John Coe have withdrawn large sums of money, as your petitioner is informed, approximately thirty-five thousand ($35,000) dollars per year, when the said Co-Operative Society of America had been losing large sums of money monthly in the operation and conduct of said business."

Then, after describing the claims of Smith and Friedman in the same way, the complaint proceeds:

"Your petitioners further represent that the said Harrison Parker, N. A. Hawkenson and John Coe, co-partners trading as an alleged common-law trust under the name of Co-Operative Society of America, are insolvent, and that within four (4) months next preceding the date of this petition the said Harrison Parker, N. A. Hawkenson and John Coe, co-partners trading as an alleged common law trust under the name of Co-Operative Society of America, committed an act of bankruptcy, in that they did heretofore, to wit, in the month of July, 1921, convey, transfer, conceal, and remove the sums of approximately twenty-five hundred ($2,500) dollars in cash by turning the same over to the said Harrison Parker with intent to hinder, delay, and defraud their creditors, said payment of said twenty-five hundred ($2,500) dollars to the said Harrison Parker having been made without any consideration.

"Wherefore your petitioners pray that service of this petition, together with a subpœna, may be made upon the said Harrison Parker, N. A. Hawkenson, and John Coe, co-partners trading as an alleged common-law trust under the name of Co-Operative Society of America, as provided in the acts of Congress relating to bankruptcy, and that they may be adjudicated to be bankrupts within the purview of said acts."

On August 20, 1921, defendants filed their answer denying all of the allegations of the complaint and challenging the jurisdiction of the bankruptcy court on the following affirmative allegations in substance: That on February 20, 1919, Edith S. Parker, as grantor, conveyed certain property to defendants as trustees of an express trust under the common law; that said instrument gave to defendants as such trustees the legal title to all the property, and full power and discretion to manage and dispose of the same for 21 years, at the end of which time they were to account to all owners of beneficial interests in the trust estate; that the instrument contained the agreement of the grantor and of the trustees that strangers to the trust might become parties thereto by contributing money or property to the trust estate, and thereupon the trustees should issue to them certificates of beneficial interests entitling them to be fellow beneficiaries with the original grantor, subject to all the limitations of the instrument; that the only dealings defendants ever had with plaintiffs was to receive from plaintiffs contributions to the trust estate

and to issue to them certificates of beneficial interests; and that plaintiffs, when they made their contributions, had full knowledge of the limitations of the trust agreement and of the nature and extent of the trust estate. Plaintiffs did not test the sufficiency of the affirmative defense by motion to strike out under equity rule 33 (198 Fed. xxvii, 115 C. C. A. xxvii), and such new matter stood denied under equity rule 31 (198 Fed. xxvii, 115 C. C. A. xxvii). Defendants, on September 6, 1921, moved that the amended complaint be dismissed on the grounds that on its face it failed to show that defendants were subject to the bankruptcy statute and that plaintiffs had provable claims and that any act of bankruptcy had been committed by defendants. This motion was overruled on September 9, 1921, and the cause was referred to a special master to take testimony and make findings of fact and conclusions of law. On September 17, 1921, defendants' motion to set aside the order of reference was overruled.

By this petition to review and revise, defendants question the action of the District Court in holding the complaint sufficient and also in ordering a reference to a special master.

Plaintiffs challenge our jurisdiction to entertain this petition to review and revise.

Harris F. Williams, of Chicago, Ill., for petitioners.
David K. Tone, of Chicago, Ill., for respondents.

Before BAKER, ALSCHULER, and PAGE, Circuit Judges.

BAKER, Circuit Judge (after stating the facts as above). [1] I. *Jurisdiction of This Court.*—If a defendant is confronted with a complaint to have him adjudged a bankrupt, he may believe that the allegations of fact are false and his counsel may feel sure that the complaint fails to state a cause of action. In the District Court his counsel, formerly by demurrer and now by motion (but, because there are so many kinds of motions, it may be more convenient to call a motion that challenges the legal sufficiency of a pleading a demurrer), may present his views, and, if they accord with the views of the District Judge, the case is there at an end unless the plaintiffs can produce a sufficient complaint; but, if the demurrer is overruled, the defendant must answer, and may be subjected to a long and expensive trial with respect to the truth of the allegations before an adjudication is had. And if the defendant is adjudicated a bankrupt, his counsel on appeal under section 25a of the Bankruptcy Act (Comp. St. § 9609) may again urge his contention that the complaint fails to state a cause of action. But must he await the outcome of a trial before he can have an appellate review of that question?

[2] If the complaint in bankruptcy proceedings were a bill in equity, the defendant prior to final decree could have no appellate review of the overruling of his demurrer. But in federal procedure concerning appeals in equity there is no statutory provision analogous to section 24b of the Bankruptcy Act (Comp. St. § 9608). In some Code states it is deemed a matter of such vital importance to avoid a trial on a bad pleading that the interlocutory order overruling the demurrer is at once reviewable. Certainly a complaint in bankruptcy is so ominous a threat that Congress might well have intended that a defendant should not be subjected to a trial of the truth of the allegations before having a right to an appellate review of their legal sufficiency. Section 25a provides for an appeal from a judgment adjudging the de-

fendant a bankrupt. Section 24b gives to the Circuit Court of Appeals "jurisdiction in equity, either interlocutory or final, to superintend and revise in matter of law the proceedings of the inferior courts of bankruptcy." These methods of review are mutually exclusive. Matter of Loving, 224 U. S. 183, 32 Sup. Ct. 446, 56 L. Ed. 725; In re Friend, 134 Fed. 778, 67 C. C. A. 500; In re Mueller, 135 Fed. 711, 68 C. C. A. 349. This means, for example, that if a defendant has been adjudged a bankrupt he may not choose between a review by appeal and a review by original petition, but must proceed by appeal under section 25a. If a defendant's demurrer to the complaint against him has been overruled, he has no right of appeal, although the end in view is an adjudication of bankruptcy, because the order overruling the demurrer is merely interlocutory. But section 24b explicitly covers the legality of interlocutory orders in bankruptcy proceedings. Overruling a defendant's demurrer to the complaint is an interlocutory order in the bankruptcy proceedings as distinguished from a controversy arising in the course of the bankruptcy proceedings between the bankrupt estate and strangers, in which appellate review is provided for in section 24a. In our judgment a review by original petition of an order overruling a defendant's demurrer to a complaint in bankruptcy proceedings is within the letter and the spirit of section 24b. In re Van Horn, 246 Fed. 822, 159 C. C. A. 124; In re Dressler Producing Corporation (C. C. A.) 262 Fed. 257.

The motion to dismiss this petition to review and revise is overruled.

[3] II. *Sufficiency of the Complaint.*—For the case to be within the restricted limits of jurisdiction in bankruptcy it was necessary that the complaint show, not by pleading the evidence on the one hand, or the legal views of the pleader on the other, but by a clear and unequivocal statement of facts, that defendants were subject to the bankruptcy statute, that plaintiffs had the legal capacity to sue, and that defendants had committed an act of bankruptcy.

(1) In the first paragraph of the complaint there is an appositive clause describing defendants as "co-partners trading as an alleged common law trust under the name of the Co-Operative Society of America," and the prayer is that defendants, again described as co-partners, "be adjudicated to be bankrupts"; while in the second paragraph there is an averment of a false representation "that the alleged bankrupt was a going prosperous organization making a profit." At the one point, the assault seems to be upon a plurality of named individuals; at the other, upon a single organization. What theory of liability the pleader had in mind it is impossible to discover from any statement of facts. If defendants were partners, a clear, direct, and unambiguous charge of the fact should have been made. What was meant by the adjective "alleged" in the phrase "an alleged common law trust"? If the alleged fact was the truth, if the only relationship between plaintiffs and defendants was that of beneficiaries and trustees of an express trust, wherein the trustees had full title and control and the beneficiaries had no title and no control, beyond appealing to a court to restrain waste and malfeasance, then the facts should have been pleaded, so that a demurrer could test the question whether the bankruptcy statute impinges upon the otherwise exclusive jurisdiction of equity over trusts.

If the adjective "alleged" was used in a questioning sense, implying that the relationship was not that of a strict trust (In re Associated Trust [D. C.] 222 Fed. 1012), the complaint exhibits no basis of fact for the pleader's doubt. If the common law trust was a mere cover and sham, and if the true relationship between so-called beneficiaries and so-called trustees was that of associates, without personal liability, in an "unincorporated company" (In re Order of Sparta, 242 Fed. 235, 155 C. C. A. 75), the complaint fails to set forth facts supportive of that theory of liability.

This complaint, with respect to jurisdiction over defendants, is too indefinite to support an action in bankruptcy. Many of the possible inferences as to what the pleader intended are mutually destructive as contradictions; but neither defendants nor the court should be compelled to indulge in conjectures.

(2) Plaintiffs, in the second paragraph of their complaint, disclose that they are not creditors in the commercial sense of unpaid sellers or lenders. If they are creditors, they are so because they have causes of action on account of having been led by fraud into accepting contracts. Did they affirm or rescind? We are unable to learn from the complaint. If they affirmed, the measure of damages is the difference between what they received was actually worth and what it would have been worth, but for the fraud. There is no averment of the amount of that difference. If they rescinded, then they should have tendered back what they have received, unless it was utterly valueless, and thereupon they would have rights of action for what they paid. There is no averment of what they paid. At one point they allege that what they received was "of absolutely no value." At another they say they received proportionate interests in securities "of the value of less than $20,000."

Another defect, at least as grievous, is plaintiffs' failure to connect defendants with the fraud and to aver that plaintiffs believed and acted on the false representations.

This complaint, with respect to plaintiffs' capacity to sue, is insufficient.

(3) In the last paragraph preceding the prayer, the complaint charges that defendants committed an act of bankruptcy by transferring a sum of money to one of the defendants without consideration. Taking the complaint as being against partners, transference of partnership money to one of the partners (without consideration, and therefore to be held as partnership assets) could not be an act of bankruptcy.

Our conclusion is that the District Court erred in sustaining the legal sufficiency of the complaint.

[4] III. Inasmuch as the present complaint is bad, and it cannot now be known that plaintiffs will ever produce a good one, the order of reference should be canceled. Plaintiffs' capacity to sue and defendants' capacity to be adjudged bankrupts lie at the foundation of this proceeding. Even under the old rules, it was held to be erroneous to make a general reference without first deciding whether there was any right to proceed. In re King, 179 Fed. 694, 103 C. C. A. 240. Section 18d of the bankruptcy statute (Comp. St. § 9602) directs that "the judge shall determine, as soon as may be, the issues presented by the

pleadings." Granting that this does not destroy the power to refer a bankruptcy case to a special master in an advisory capacity, attention should be paid to rules 46 and 59 of the new equity rules (198 Fed. xxxi, xxxv, 115 C. C. A. xxxi, xxxv). Rule 46 (198 Fed. xxxi, 115 C. C. A. xxxi) contemplates that the testimony of witnesses should be taken orally in open court, and rule 59 (198 Fed. xxxv, 115 C. C. A. xxxv) directs that "a reference to a master shall be the exception, not the rule, and shall be made only upon a showing that some exceptional condition requires it." In re Bartleson Co. (D. C.) 243 Fed. 1001. There was no such showing.

The petition to review and revise is sustained, and the District Court is directed to set aside the order of reference, and to sustain defendants' motion to dismiss the complaint (as a demurrer thereto), with leave to the court to fix time and terms of filing an amended complaint.

---

⬅️For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes