### In re BAKER et al.

### BAKER et al. v. W. C. ALLEN CANDY CO. et al.

(Circuit Court of Appeals, Ninth Circuit. June 1, 1926. Rehearing Denied July 12, 1926.)

No. 4777.

Jury ⬛≈28(12)—Alleged bankrupts held to have waived their right to a jury trial by failing to object or except to reference.

An alleged bankrupt waives his right to a jury trial by failing to object to motion for reference, to except to order referring the case to a special master, or to object to proceeding before the master.

Appeal from the District Court of the United States for the District of Oregon; Charles E. Wolverton and Robert S. Bean, Judges.

In the matter of W. F. Baker and M. F. McLeod, individually and as partners doing business as Baker & McLeod, bankrupts. Bankrupts appeal from an order of adjudication made on involuntary petition of the W. C. Allen Candy Company and others. Affirmed.

Botts & Winslow, of Tillamook, Or., for appellants.

Wm. B. Layton, N. Ray Alber, and Edward A. Boyrie, all of Portland, Or., for appellees.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from a judgment adjudicating the appellants bankrupts. A number of questions have been discussed in the briefs and on the argument, but the scope of review is necessarily limited by the record brought here. The transcript contains only the involuntary petition charging insolvency and the commission of three acts of bankruptcy; the answer to the petition, containing a demand for a jury trial, signed by the attorneys for the alleged bankrupts, and verified by one of the alleged bankrupts; a motion on the part of the petitioning creditors to set the case for trial by jury; an order granting this motion; a second motion on the part of the petitioning creditors to refer the matter of adjudication to the special master; an order granting this motion; the report of the special master; a petition in intervention by a creditor; exceptions to the report of the special master by the appellants and the intervening creditor; an order confirming the report of the special master; and the order of adjudication. The testimony taken before the special master, upon which the court below acted, has not been brought here, and, in the absence of the testimony, we cannot, as a matter of course, review the facts. In re Murphy, 229 F. 988, 144 C. C. A. 270.

The order denying a trial by jury and referring the case to the special master is subject to review, however, unless a jury was waived by the conduct of the appellants after the right accrued by the demand found in the answer. But, so far as the record discloses, no objection was interposed to the motion to refer, no exception was taken to the order of reference, and no objection was made or taken to proceeding before the special master. The first objection appearing in the record is found in the exceptions to the report of the special master, and in our opinion that objection came too late.

"The right to a jury trial is waived by consenting to a reference of the matter in controversy. Unless so required by statute, such consent need not be express, but may be implied from acquiescence, as by failing to object to the appointment of the referee, or by participating without objection in the proceedings before him." 35 C. J. 205.

"If, as we have seen, it would have been competent for plaintiffs in error to have waiv-

ed the right to trial by jury, by consenting in open court to the original making of the order of reference, it was equally competent for them to so consent by attending the proceedings under the reference, both before the master and the district court, without objection or protest. The very fact that the Edwards Company made protest before both tribunals emphasizes the presumption of consent and acquiescence from the silence of the other two plaintiffs in error, presumably present when such protest was made. We think parties should not be permitted to play fast and loose with the court, to speculate upon the chances of a favorable decision under the reference, and after final decision against them for the first time question the jurisdiction of the court to so act." Wm. Edwards Co. v. La Dow, 230 F. 378, 144 C. C. A. 520.

It may be that the appellants did object and protest, but no such objection or protest appears in the record.

The judgment of the court below is therefore affirmed.